UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN FOWLKS,
    Plaintiff,
-vs.-

GLASSEN, RHEAD, McLEAN, CAMPBELL
& SCHUMACHER, P.L.C.,
a Michigan limited liability company,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, KEVIN FOWLKS, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA**, who, and for his Complaint against the Defendants, plead as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 *et seq*. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 *et seq*. ("MRCPA"), and the Michigan Occupational Code at M.C.L. § 339.901 *et seq*. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Ingham County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Lansing, Ingham County, Michigan.

5. The Defendant to this lawsuit is Glassen, Rhead, McLean, Campbell & Schumacer, P.L.C., which, upon, information and belief, is a Michigan professional limited liability company that maintains registered offices in Ingham County.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt in the amount $16,033.21 allegedly owed by Plaintiff to Michigan State University Federal Credit Union (the "Debt").

7. In 2013, Mr. Fowlks was sued for the Debt and a judgment was entered against him.

8. On or about June 14, 2017, Defendant sent a letter attempting to collect the alleged Debt to Mr. Fowlks. Although the letter was addressed to Mr. Fowlks, the envelope in which it was sent was only addressed to his Plaintiff's employer, Michigan State University, and bore no reference to Mr. Fowlks himself. Further, the letter does not request any contact information regarding Mr. Fowlks.

9. The letter went to the HR department, which opened the envelope to find a collection letter. The letter states the balance owed for the alleged Debt, the name of the original creditor and information regarding satisfying the judgment. A co-worker handed Mr. Fowlks the opened envelope and letter when the mail was passed out. Multiple employees saw the collection letter, which was sent in violation of the FDCPA, MOC and/or MRCPA.

10. Mr. Fowlks has suffered pecuniary and emotional damages, as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Mr. Fowlks is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) by communicating in connection with the collection of any debt, with any person other the consumer, his attorney or a consumer reporting agency. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

    b. 15 U.S.C. §1692e(10) by using false representation or deceptive means to collect any debt. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

16. Mr. Fowlks has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

**COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

17. Plaintiff incorporates the preceding allegations by reference.

18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

19. Mr. Fowlks is a debtor as that term is defined in M.C.L. § 339.901(f).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. MCL §339.915(a) by communicating with a debtor in a misleading and deceptive manner. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   b. MCL §339.915(i) by communicating information relating to a debtor's indebtedness to an employer, where the communication was not authorized by the debtor, was not sent in response to an inquiry initiated by the employer, and was not sent for the purpose of acquiring location information about the debtor. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   c. MCL §339.915(n) by using a harassing, oppressive or abusive method to collect a debt. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   d. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mr. Fowlks has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mr. Fowlks is a "Consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252 (a) by communicating with a debtor in a misleading and deceptive manner. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   b. MCL §445.252 (i) by communicating information relating to a debtor's indebtedness to an employer, where the communication was not authorized by the debtor, was not sent in response to an inquiry initiated by the employer, and was not sent for the purpose of acquiring location information about the debtor. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   c. MCL §445.252 (n) by using a harassing, oppressive or abusive method to collect a debt. Defendant violated this provision of the FDCPA by sending the collection letter to Mr. Fowlks employer.

   a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. Fowlks has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

October 17, 2017         /s/ Gary Nitzkin
                         GARY D. NITZKIN (P41155)
                         TRAVIS SHACKELFORD P68710
                         CARL SCHWARTZ P70335
                         CREDIT REPAIR LAWYERS OF AMERICA
                         Attorneys for Plaintiff
                         22142 West Nine Mile Road
                         Southfield, MI 48033
                         (248) 353-2882
                         Fax (248) 353-4840
                         Email – gary@crlam.com